IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NUMBER:

| | |
|---|---|
| Builders Mutual Insurance Company, | |
| Plaintiff, | |
| v. | **COMPLAINT**<br>**(Declaratory Judgment)**<br>**(Non-Jury)** |
| Waccamaw Construction, Inc., Yelena Ger, and Mark Grinman, | |
| Defendants. | 2:10-cv-795-PMD |

The Plaintiff seeks declaratory relief to determine the rights of the parties. Plaintiff, Builders Mutual Insurance Company ("Builders Mutual"), complaining of the Defendants above-captioned, would respectfully allege and show as follows:

## JURISDICTION

1.     The Plaintiff is an insurance company organized and existing under the laws of the State of North Carolina with its principal place of business in North Carolina; the Plaintiff is authorized to transact business and write insurance policies in the State of South Carolina.

2.     Upon information and belief, Defendant Waccamaw Construction, Inc. is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina.

3.     Upon information and belief, Defendants Yelena Ger and Mark Grinman are citizens and residents of the State of South Carolina and owners of real property in Georgetown County.

4.     This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57, Fed. R. Civ. P.; there is a real and justiciable

controversy between the parties, and by these proceedings Builders Mutual asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

5. The amount in controversy exceeds Seventy Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. §1332(a)(1).

## FACTUAL ALLEGATIONS

6. Plaintiff issued commercial general liability policy number CPP 0007175 to Waccamaw Construction. The policy incepted on November 3, 2001 and was renewed annually through November 3, 2008.

7. Policy number CPP 0007175 insured Waccamaw Construction for certain risks under the insuring agreement, and excluded certain risks through policy exclusions. Plaintiff craves reference to this policy for all of the terms, conditions, and provisions therein and incorporates them by reference herein.

8. The policy issued to Waccamaw Construction by Plaintiff only covers "property damage" caused by an "occurrence," as those terms are defined by the policy. The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policy defines "property damage" as "[p]hysical injury to tangible property," including loss of use.

9. The policy issued to Waccamaw Construction by Plaintiff contains exclusion a., which excludes from coverage "property damage" expected or intended from the standpoint of the insured. The "personal and advertising injury" coverage also excludes coverage for knowing violation of rights of another.

2

10. The policy issued to Waccamaw Construction by Plaintiff contains exclusion j.(5), a faulty workmanship exclusion, which excludes from coverage "property damage" to: "That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations."

11. The policy issued to Waccamaw Construction by Plaintiff contains exclusion j.(6), a faulty workmanship exclusion, which excludes from coverage "property damage" to: "That particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."

12. The policy issued to Waccamaw Construction by Plaintiff contains exclusion l., entitled "Damage to Your Work," which excludes from coverage "'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'" An endorsement removes the exception for work performed by subcontractors.

13. The policy issued to Waccamaw Construction by Plaintiff contains exclusion n., which excludes from coverage "[d]amages claimed for any loss, cost or expense incurred by you or others for the loss of use, . . . repair [or] replacement . . . of . . . "[y]our work . . . if such . . . work or property is withdrawn . . . from use . . . because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it."

14. The policy issued to Waccamaw Construction by Plaintiff contains a Punitive Damages Exclusion which excludes from coverage "any claim for punitive or exemplary damages arising out of the acts of the insured, insured's employees or any other person."

15. The policy issued to Waccamaw Construction by Plaintiff contains a Fungus, Mold, and Mildew exclusion which excludes from coverage "bodily injury," "property damage,"

3

"personal and advertising injury," and "medical payments" "arising out of, resulting from, caused by, contributed to, attributed to, or in any way related to any 'fungus', mold, mildew, 'mycotoxins' or resulting allergans . . . ."

16. In response to a mechanic's lien, Ger and Grinman filed a counterclaim against Waccamaw Construction in an action pending in the Georgetown County Court of Common Pleas styled as follows: <u>Waccamaw Construction, Inc. v. Yelena Ger and Mark Grinman</u>, Civil Action number 2008-CP-22-0384 ("the underlying case"). All of the allegations of the Amended Answer and Counterclaim in the underlying case are incorporated herein by reference.

17. In relevant part, the Counterclaim alleges that Waccamaw Construction was responsible for the construction of the construction of Ger and Grinman's residence, either by performing the work itself of through subcontractors.

18. Waccamaw Construction allegedly contracted with Ger and Grinman to build a house at Lot 2, Bobcat Drive in Georgetown County on April 11, 2006. The contract price was $850,000. Waccamaw Construction allegedly failed to complete the job in a timely manner and walked off the job with the project less than 50% completed on August 1, 2007.

19. Waccamaw Construction allegedly failed to construct the residence pursuant to the architectural drawings and specifications in a number of particulars, and also failed to construct the residence in a workmanlike manner and in accordance with building codes and other applicable laws in certain particulars.

20. Ger and Grinman have asserted claims in the underlying Counterclami for breach of contract, breach of express and implied warranties, negligence, slander of title, malicious prosecution, abuse of process, and unfair trade practices with respect to Waccamaw Construction.

21. The damages claimed in the underlying case are for actual and punitive damages, treble damages, prejudgment interest, and attorney's fees and costs.

### FOR A FIRST DECLARATION

22. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 21 as if fully set forth herein verbatim.

23. Some or all of the damage alleged in the underlying cases does not constitute "property damage" as defined in the commercial general liability policies issued by the Plaintiff.

24. Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for the alleged damage in the underlying case to the extent it does not constitute "property damage."

### FOR A SECOND DECLARATION

25. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 24 as if fully set forth herein verbatim.

26. Defective workmanship performed by the insured or its subcontractors is not caused by an "occurrence" as defined in the policy.

27. Some or all of claims for damage in the underlying Complaints are for work that was simply improperly performed.

28. Therefore, Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for defective work performed by Waccamaw Construction or its subcontractors.

### FOR A THIRD DECLARATION

29. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 28 as if fully set forth herein verbatim.

30. Liability for the alleged breaches of contract or express warranty in the underlying cases is not for tort liability which a liability policy is intended to cover.

31. Therefore, the Plaintiff is entitled to a declaration that the above-referenced policies do not provide coverage for the alleged breaches of contract or warranty.

## FOR A FOURTH DECLARATION

32. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 31 as if fully set forth herein verbatim.

33. Liability for the alleged property damage in the underlying cases is excluded by the "Your Work" exclusion, regardless of whether the work was performed by Waccamaw Construction or its subcontractors.

34. Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for the alleged damage in the underlying case.

## FOR A FIFTH DECLARATION

35. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 34 as if fully set forth herein verbatim.

36. Liability for alleged property damage in the underlying case which occurred prior to the time Waccamaw Construction abandoned the job is excluded by the j.(5) and j.(6) exclusions, regardless of whether the work was performed by Waccamaw Construction or its subcontractors.

37. Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for property damage in the underlying case which occurred before Waccamaw Construction abandoned the project.

**FOR A SIXTH DECLARATION**

38. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 37 as if fully set forth herein verbatim.

39. Liability for removal of Waccamaw Construction's allegedly defective work to access and assess damage to underlying building components is excluded by the n. exclusion.

40. Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for faulty work, whether performed by Waccamaw Construction or its subcontractors, which must be removed or replaced as access costs.

**FOR A SEVENTH DECLARATION**

41. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 40 as if fully set forth herein verbatim.

42. Liability for property damage expected or intended from the standpoint of the insured and for knowing violation of the rights of another is excluded by exclusion a. in Coverages A and B.

43. Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for intentional harm caused by the insured.

**FOR AN EIGTH DECLARATION**

44. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 43 as if fully set forth herein verbatim.

45. Any punitive or treble damages awarded in the underlying case are excluded by the punitive or exemplary damages exclusion.

46. Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for punitive or treble damages.

7

## FOR A NINTH DECLARATION

47. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 46 as if fully set forth herein verbatim.

48. Liability for any fungus, mold, or mildew damage in the underlying case is excluded by the Fungus, Mold, and Mildew exclusion.

49. Therefore, the Plaintiff is entitled to a declaration that the above-referenced policy does not provide coverage for fungus, mold, or mildew damage in the underlying case.

## FOR A TENTH DECLARATION

50. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 49 as if fully set forth herein verbatim.

51. The Plaintiff is entitled to a declaration that Plaintiff has no duty to indemnify Waccamaw Construction in the underlying cases because there is no coverage for liability for the damage alleged in the Counterclaim.

**WHEREFORE**, Plaintiff requests that this honorable Court inquire into these matters and declare that the policy does not provide coverage for the damages alleged to have been caused by the acts of the Waccamaw Construction, that the Plaintiff is not liable to Waccamaw Construction for a damages verdict rendered against it, and does not owe payment of any indemnity or insurance proceeds to Waccamaw Construction, together with its costs and disbursements incurred and such other and further relief as the court may deem just and proper.

[*Signature page follows*]

                                      MURPHY & GRANTLAND, P.A.

                                      <u>s/ Timothy J. Newton, Esquire</u>
                                      J. R. Murphy, Esquire (Fed. I.D. #3119)
                                      Timothy J. Newton, Esquire (Fed. I.D. #9807)
                                      4406-B Forest Drive (29204)
                                      Post Office Box 6648
                                      Columbia, South Carolina 29260
                                      (803) 782-4100
                                      Attorneys for Plaintiff

Columbia, South Carolina
March 30, 2010